UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.:

THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY, a Connecticut corporation,

    Plaintiff,

v.

EMERALD COAST RHEUMATOLOGY,
LLC, a Florida limited liability company,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGEMENT

Plaintiff, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB"), by and through its attorneys, files this Complaint for Declaratory Judgement against Defendant, EMERALD COAST RHEUMATOLOGY, LLC ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. HSB seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57, Federal Rules of Civil Procedure, as to its obligations under an insurance policy as described more fully herein.

### PARTIES, JURISDICTION, AND VENUE

2. At all times material hereto, HSB is and was a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3. At all times material hereto, Defendant is and was a Florida limited liability company with its principal place of business in Lynn Haven, Florida.

1

4. At all times material hereto, Aymen A. Kenawy, the sole member of Defendant, is and was a citizen of Florida residing in Bay County, Florida.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1391, as Defendant resides in Bay County, Florida.

## GENERAL ALLEGATIONS

7. HSB issued equipment breakdown policy number FBP2349487 to Defendant bearing a policy period of January 10, 2018 to January 10, 2019 (the "Policy") insuring certain equipment and property located at 3890 Jenks Avenue, Lynn Haven, FL 32444 (the "Property"). A certified copy of the Policy is attached hereto as **Exhibit A**.

8. On October 10, 2018, Hurricane Michael allegedly caused a power outage to the area where the Property was located.

9. As a result of this power outage, refrigerated medicine situated inside the Property allegedly spoiled (the "Medicine").

10. Defendant discarded the Medicine before HSB had the opportunity to inspect, test, and analyze it.

11. On January 30, 2019, Defendant provided notice to HSB of the alleged spoilage of the Medicine.

12. While investigating Defendant's claim, HSB requested certain information from Defendant, at least a portion of which has not been provided.

## COUNT I
## DECLARATORY JUDGMENT TO DETERMINE APPLICABILITY OF COVERAGE

13. HSB adopts and re-alleges paragraphs 1 through 12 above as if fully set forth herein and further alleges as follows:

14. The Policy provides coverage for Equipment Breakdown, and, in pertinent part, the Policy provides as follows (Form TEC150 07/2015):

    **A.**    **COVERAGE**

This Equipment Breakdown Coverage provides insurance for a Covered Cause of Loss as defined in A.1. below. In the event of a Covered Cause of Loss, we will pay for loss as described in A.2. below.

    **1.**    **Covered Cause of Loss**

    **a. "Accident" and "Electronic Circuitry Impairment"**

The following applies when Electronic Circuitry Impairment is shown as Included in the Declarations:

The Covered Cause of Loss for this Equipment Breakdown Coverage is an "accident" or "electronic circuitry impairment." Without an "accident" or "electronic circuitry impairment" there is no Equipment Breakdown Coverage.

*   *   *

    **2.**    **Coverages Provided**

This section lists the coverages that may apply in the event of a Covered Cause of Loss. Each coverage is subject to a specific limit as shown in the Declarations. See paragraph C.2. for details.

These coverages apply only to the direct result of a Covered Cause of Loss. For each coverage, we will pay only for that portion of the loss, damage or expense that is solely attributable to the Covered Cause of Loss.

*   *   *

    **p.**    **Perishable Goods**

    (1)    We will pay for physical damage to "perishable goods" due to "spoilage."

 (2) We will also pay for physical damage to "perishable goods" due to "spoilage" that is the result of an "interruption of service."

 (3) We will also pay for physical damage to "perishable goods" due to contamination from the release of refrigerant, including but not limited to ammonia.

 (4) We will also pay any necessary expenses you incur during the "period of restoration" to reduce the amount of loss under this coverage. We will pay for such expenses to the extent that they do not exceed the amount of loss that otherwise would have been payable under this Perishable Goods coverage.

*   *   *

## C. LIMITS OF INSURANCE

*   *   *

### 2. Coverage Limits

 a. The limit of your insurance under each of the coverages listed in A.2. from loss, damage or expense arising from any "one equipment breakdown" is the amount indicated for that coverage in the Declarations. These limits are a part of, and not in addition to, the Equipment Breakdown Limit. If an amount of time is shown, coverage will continue for no more than that amount of time immediately following the Covered Cause of Loss. If a coverage is shown as "Included," that coverage is provided up to the remaining amount of the Equipment Breakdown Limit. If no limit is shown in the Declarations for a coverage, or if a coverage is shown as Excluded in the Declarations, that coverage will be considered to have a limit of $0.

 b. Loss arising from any "one equipment breakdown" may continue to be present or recur in a later policy period. This includes, but is not limited to, loss arising from mold, fungus, mildew or yeast as covered under Mold coverage. In such a case, the most we will pay for all loss, damage or expense arising out of any "one equipment breakdown" is the coverage limit applicable at the time of the Covered Cause of Loss.

 c. If two or more coverage limits apply to the same loss or portion of a loss, we will pay only the smallest of the

applicable limits for that loss or portion of the loss. This means that if:

(1) You have a loss under one of the coverages listed in A.2.; and

(2) All or part of the loss is not covered because the applicable coverage is Excluded or has a limit that is less than the amount of your loss,

we will not pay the remaining amount of such loss under any other coverage.

**Exhibit A**.

15. The Policy contains the following definitions:

**G.    Definitions**

**1.    "Accident"**

  a. "Accident" means a fortuitous event that causes direct physical damage to "covered equipment." The event must be one of the following:

    (1) Mechanical breakdown, including rupture or bursting caused by centrifugal force;

    (2) Artificially generated electrical current, including electrical arcing, that damages electrical devises, appliances or wires;

    (3) Explosion, other than combustion explosion, of steam boilers, steam piping, steam engines or steam turbines;

    (4) An event inside steam boilers, steam pipes, steam engines or steam turbines that damages such equipment;

    (5) An event inside hot water boilers or other water hearing equipment that damages such equipment; or

    (6) Bursting, cracking or splitting.

*     *     *

**24.    "Perishable Goods"** means any "covered property" subject to deterioration or impairment as a result of a change of conditions, including but not limited to temperature, humidity or pressure.

*     *     *

26. **"Spoilage"** means any detrimental change in state. This includes but is not limited to thawing of frozen goods, warming of refrigerated goods, freezing of fresh goods, solidification of liquid or molten material and chemical reactions to material in process.

**Exhibit A**.

16. Finally, the Policy states that the limit of insurance for the "Perishable Goods" coverage is $100,000.00. **Exhibit A**.

17. HSB has determined that the Medicine is subject to the "Perishable Goods" limit of $100,000.00 as set forth in the Policy.

18. Defendant has indicated its disagreement with HSB's interpretation of the Policy.

19. The parties are in doubt as to their legal rights and obligations in this situation and, therefore, HSB seeks a judicial determination of its rights with respect to the Policy's terms.

20. Defendant has a direct interest which would be affected by a declaratory judgment in this action. It is therefore properly joined as a party to this Declaratory Judgment action.

21. There is a present and bona fide controversy between the parties, and HSB is in need of a judicial declaration to protect its rights and to determine its rights, duties, and obligations.

22. All conditions precedent to the maintenance of this declaratory judgment action have been complied with, met, or waived.

WHEREFORE, HSB respectfully requests this Honorable Court to declare that the "Perishable Goods" limit applies to Defendant's claim that is the subject of this action and for such other and further relief as this Honorable Court deems equitable and just.

### COUNT II
### DECLARATORY JUDGMENT TO
### <u>DETERMINE APPLICABILITY OF POLICY CONDITIONS</u>

23. HSB adopts and re-alleges paragraphs 1 through 12 above as if fully set forth herein and further alleges as follows:

24. The Policy provides coverage for Equipment Breakdown, and, in pertinent part, the Policy provides as follows (Form TEC150 07/2015):

> **E.   LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions:
>
> \*   \*   \*
>
> **6.   Duties in the Event of Loss or Damage**
>
> You must see that the following are done in the event of loss or damage:
>
> a.   Give us a prompt notice of the loss or damage, including a description of the property involved.
>
> b.   You must reduce your loss, damage or expense, if possible, by:
>
> (1)   Protecting property from further damage. We will not pay for your failure to protect property, as stated in Exclusion B.1.g.;
>
> (2)   Resuming business, partially or completely at the location of loss or at another location;
>
> (3)   Making up lost business within a reasonable amount of time. This includes working extra time or overtime at the location of loss or at another location. The reasonable amount of time does not necessarily end when the operations are resumed;
>
> (4)   Using merchandise or other property available to you;
>
> (5)   Using the property or services of others; and

    (6) Salvaging the damaged property.

 c. Allow us a reasonable time and opportunity to examine the property and premises before repair or replacement is undertaken or physical evidence of the Covered Cause of Loss is removed. But you must take whatever measures are necessary for protection from further damage.

 d. Make no statement that will assume any obligation or admit any liability, for any loss, damage or expense for which we may be liable, without our consent.

 e. Promptly send us any legal papers or notices received concerning the loss, damage or expense.

 f. As often as may be reasonably required, permit us to inspect your property, premises and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

 g. If requested, permit us to examine you and any of your agents, employees and representatives under oath. We may examine any insured under oath while not in the presence of any other insured. Such examination:

    (1) May be at any time reasonably required;

    (2) May be about any matter relating to this insurance, your loss, damage or expense, or your claim, including, but not limited to, your books and records; and

    (3) May be recorded by us by any methods we choose.

 h. Send us a signed, sworn proof of loss containing the information we request. You must do this within 60 days after our request.

 i. Cooperate with us in the investigation and settlement of the claim.

* * *

**8. Proving Your Loss**

It is your responsibility, at your own expense, to provide documentation to us:

      a.      Demonstrating that the loss, damage or expense is the result of a Covered Cause of Loss covered under this Equipment Breakdown Coverage; and

      b.      Calculating the dollar amount of the loss, damage and expense that you claim is covered.

Your responsibility in 8.a. above is without regard to whether or not the possible Covered Cause of Loss occurred at your premises or involved your equipment.

**Exhibit A**.

25. HSB contends that Defendant's conduct is a violation of the terms and conditions of the Policy set forth above.

26. The parties are in doubt as to their legal rights and obligations in this situation and, therefore, HSB seeks a judicial determination of its rights with respect to the Policy terms and conditions provided herein.

27. Defendant has a direct interest which would be affected by a declaratory judgment in this action. It is therefore properly joined as a party to this Declaratory Judgment action.

28. There is a present and bona fide controversy between the parties, and HSB is in need of a judicial declaration to protect its rights and to determine its rights, duties, and obligations.

29. All conditions precedent to the maintenance of this declaratory judgment action have been complied with, met, or waived.

WHEREFORE, HSB respectfully requests this Honorable Court to declare that Defendant's conduct has violated the terms of the Policy and for such other and further relief as this Honorable Court deems equitable and just.

## DEMAND FOR JURY TRIAL

31. HSB demands a jury trial on all issues so triable.

Dated: July 10, 2019             Respectfully submitted,

                                             **ROBINSON+COLE**
777 Brickell Avenue, Suite 680
Miami, Florida 33131
Telephone: (786) 725-4120
Facsimile: (786) 725-4121

By: /s/ Eugene P. Murphy
        Eugene P. Murphy
        Florida Bar No. 638501
        emurphy@rc.com
        ***Attorneys for Plaintiff, The Hartford Steam Boiler Inspection and Insurance Company***